IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE        *    MDL Docket No. 2004
                                      4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS    *
                                      Case Nos.
LIABILITY LITIGATION             *    4:12-cv-335 (Wallace)

_____

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Gale Wallace was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Mrs. Wallace brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Mrs. Wallace also contends that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mrs. Wallace's husband asserts a loss of consortium claim. Mentor seeks summary judgment on the Wallaces' claims, contending that they are barred under North Carolina's statute of repose. The Court agrees, and Mentor's summary judgment motion (ECF No. 39 in 4:12-cv-335) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Dr. Thomas Barefoot implanted Mrs. Wallace with ObTape on March 24, 2005 to treat her stress urinary incontinence. Within three or four months of the surgery, Mrs. Wallace began experiencing dyspareunia, which she attributed to ObTape. She contends that she continues to suffer ObTape complications.

The Wallaces are North Carolina residents, and all of Mrs. Wallace's ObTape-related treatment took place in North Carolina. The Wallaces filed their action in this Court pursuant to the Court's direct filing order on December 13, 2012, asserting claims for negligence, strict liability – design defect, strict liability – manufacturing defect, strict liability – failure to warn, breach of implied warranties, breach of express warranties, fraudulent misrepresentation, fraudulent

2

concealment, and negligent misrepresentation. Mr. Wallace asserts a loss of consortium claim.

DISCUSSION

The Wallaces filed their action in this Court under the Court's direct filing order. The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004. The Wallaces are North Carolina residents, and Mrs. Wallace's ObTape-related treatment took place in North Carolina. The parties agree that North Carolina law applies to the Wallace's claims.

Mentor contends that the Mrs. Wallace's claims are barred by North Carolina's statute of repose and that Mr. Wallace's loss of consortium claim fails because Mrs. Wallace's claim fails. Until 2009, North Carolina law provided that no personal injury claims "based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-50(a)(6) (1995). On October 1, 2009, a new statute of repose for product liability claims became effective: no personal injury claims "based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than 12 years after the date of

initial purchase for use or consumption." N.C. Gen. Stat. § 1-46.1(1).  The new rule became effective on October 1, 2009 and applies only "to causes of action that accrue on or after that date."  2009 N.C. Sess. Laws 2009-420 § 3.

North Carolina courts apply the statute of repose in effect at the time of the initial product sale or delivery.  *Robinson v. Bridgestone/Firestone N. Am. Tire, LLC*, 703 S.E.2d 883, 886-87 (N.C. Ct. App. 2011 (applying statute of repose in effect when the allegedly defective tires were initially purchased in 1995 or 1996 and declining to apply N.C. Gen. Stat. § 1-46.1(1) (2009)); *see Lackey v. DePuy Orthopaedics, Inc.*, No. 5:10-CV-00030-RLV, 2011 WL 2791264, at *3 (W.D.N.C. July 14, 2011) (applying statute of repose in effect when allegedly defective replacement hip was purchased in 1998); *see also Colony Hill Condo. I Ass'n v. Colony Co.*, 320 S.E.2d 273, 276 (N.C. Ct. App. 1984) (applying real property statute of repose in effect when the plaintiff purchased his condominium); *McCrater v. Stone & Webster Eng'g Corp.*, 104 S.E.2d 858, 860 (N.C. 1958) (applying worker's compensation statute of limitations in effect on the date of the plaintiff's accident); *cf. Black v. Littlejohn*, 325 S.E.2d 469, 474-75 (N.C. 1985) ("Unlike an ordinary statute of limitations which begins running upon accrual of the claim, the period contained in the statute of repose begins when a specific event occurs, regardless of whether a cause of action has

accrued or whether any injury has resulted.") (citations omitted). Therefore, the 1995 statute of repose applies here.

Mrs. Wallace nonetheless argues that § 1-50(a)(6) does not apply to her claims, citing *Wilder v. Amatex Corp.*, 336 S.E.2d 66 (N.C. 1985). In *Wilder*, the North Carolina Supreme Court considered N.C. Gen. Stat. § 1-15(b), which was North Carolina's statute of limitations for certain claims until it was repealed in 1979. The statute contained a ten-year statute of repose "from the last act of the defendant giving rise to the claim for relief." *Id.* at 69 (quoting N.C. Gen. Stat. § 1-15(b) (Interim Supp. 1976) (repealed 1979)). The *Wilder* court found that § 1-15(b) did not apply to the plaintiff's personal injury claim related to the disease of asbestosis and that a different statute of limitations (without a statute of repose) applied to the plaintiff's claims. *Id.* at 73. And the *Wilder* court found that the plaintiff's claims did not accrue until he was diagnosed with asbestosis. *Id.* Based on *Wilder*, the Fourth Circuit predicted that the North Carolina Supreme Court would hold that § 1-50(6) did not apply to "claims arising from disease." *Hyer v. Pittsburgh Corning Corp.*, 790 F.2d 30, 33-34 (4th Cir. 1986). But the Fourth Circuit suggested that its rationale was limited to diseases that "develop over long periods of time after multiple exposures to offending substances which are thought to be causative agents," where it "is

impossible to identify any particular exposure as the 'first injury.'" *Id.* at 33. Mrs. Wallace's claim is not a claim arising from disease that developed over many years after multiple exposures to a toxic substance; it is a claim arising from complications she contends were caused by a medical device that was implanted in her body. *Wilder* simply does not apply.

Under § 1-50(a)(6), the 1995 statute of repose, no personal injury claims "based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-50(a)(6) (1995). Therefore, a personal injury cause of action based on a product defect must be brought within six years of the date when the product was initially purchased for use or consumption. *Robinson*, 703 S.E.2d at 887 (finding that to bring a claim related to an allegedly defective tire, the plaintiffs had to prove that the "tire was initially purchased within six years of the filing of the complaint"); *see also Bryant v. Don Galloway Homes, Inc.*, 556 S.E.2d 597, 600 (N.C. Ct. App. 2001) (noting that a statute of repose begins to run when the statutory triggering event occurs, "regardless of whether or not there has been an injury"); *cf. Black*, 325 S.E.2d at 475 (noting that "the repose serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may

accrue"). Here, it is undisputed that Mrs. Wallace's ObTape was initially purchased for use on March 24, 2005 at the latest, when the ObTape was implanted into her body. Mrs. Wallace did not file her Complaint until more than seven years later, on December 13, 2012. Her claims are barred by the North Carolina statute of repose, and Mentor is entitled to summary judgment on all of her claims. Mr. Wallace's derivative loss of consortium claim is likewise barred. *See King v. Cape Fear Mem'l Hosp., Inc.*, 385 S.E.2d 812, 814 (N.C. Ct. App. 1989) (affirming motion to dismiss loss of consortium claim where underlying claim was time-barred).

                              CONCLUSION

     As discussed above, Mentor's summary judgment motion (ECF No. 39 in 4:12-cv-335) is granted.

     IT IS SO ORDERED, this 4th day of March, 2016.

                              s/Clay D. Land
                              _____
                              CLAY D. LAND
                              CHIEF U.S. DISTRICT COURT JUDGE
                              MIDDLE DISTRICT OF GEORGIA